IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA ANN EVERETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 12-123-GPM |
| | ) |
| MR. MICHAEL BYER and | ) |
| MRS. MICHAEL BYER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). In this instance, Plaintiff Patricia Ann Everett brings this action pro se in connection with a dispute with her homeowner's insurer, Harleysville Lake States Insurance Company ("Harleysville"). It appears that Harleysville has refused to pay a claim by Ms. Everett on her insurance arising from a fire at

Ms. Everett's home in Alton, Illinois, on November 24, 2007. According to Ms. Everett, Harleysville's position is that the fire was caused by Ms. Everett and therefore is not compensable under her insurance. Ms. Everett in turn is suing her landlord, Defendant Michael Byer, and Mr. Byer's wife, claiming that the fire was caused by the Byers' failure to ensure that the electrical wiring in Ms. Everett's home was safe and fire-proof.

The problem with this case is that the Court discerns no basis for federal subject matter jurisdiction. In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Glisson v. Matrixx Initiatives, Inc.*, Civil No. 10-76-GPM, 2010 WL 685894, at *1 (S.D. Ill. Feb. 22, 2010). Here it appears that the jurisdictional amount in controversy is not satisfied, given that Ms. Everett seeks damages of only $20,000 against Mr. and Mrs. Byers, although the ad damnum in Ms. Everett's complaint is not dispositive as to the amount in controversy in this case because both Illinois law and federal law permit a plaintiff to recover damages in excess of those prayed for in a complaint. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). A much more serious problem is the obvious lack of complete diversity of citizenship as between the parties to this case. Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same

state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."). Here, Ms. Everett, like Mr. and Mrs. Byers, is a citizen of Illinois, so that diversity of citizenship is not complete. Thus, the Court's subject matter jurisdiction in this case cannot be premised upon Section 1332.

The Court turns then to the question of whether this case is one arising under federal law for purposes of federal jurisdiction. In general, of course, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction pursuant to Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). "[T]he paramount policies embodied in the well-pleaded complaint rule . . . [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398-99. Importantly, the well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne &*

*Bowler Co.*, 241 U.S. 257, 260 (1916).  Restricting federal question jurisdiction to cases asserting claims for relief under federal law, in addition to preserving a plaintiff's right to choose his or her forum, also "severely limits the number of cases . . . that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983).  Ms. Everett's claims in this case are for defamation of character and slander, state-law claim that clearly do not present a federal question on the face of Ms. Everett's complaint.

In a limited class of cases an action may arise under federal law even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by federal law.  Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005) (quoting *Caterpillar*, 482 U.S. at 393).  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id*. at 467.  Complete preemption is a narrow exception to the well-pleaded complaint rule.  The Supreme Court of the United States has found complete preemption as to only four federal laws: the Labor Management Relations Act of 1947, also known as the Taft-Hartley Act, 29 U.S.C. § 141 *et seq*., *see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968); a treaty concerning Native American tribal land, *see Oneida Indian Nation of N.Y. v. Oneida County, N.Y.*, 414 U.S. 661, 681-82 (1974); the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987); and the National Bank Act, 12 U.S.C. § 21 *et seq*. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8-11 (2003). None of the foregoing statutes are implicated in this case.

Finally, the so-called "substantial federal question" doctrine provides generally that "[e]ven though state law creates [a plaintiff's] cause of action, its case still might 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.*, 463 U.S. at 13. *See also Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921). In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Court set out the test for determining whether a "substantial question of federal law" exists as follows: "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314. In so doing, the Court emphasized that merely alleging a "federal issue" does not operate "as a password opening federal courts to any state action embracing a point of federal law." *Id*. Moreover, since *Grable* was decided the Court has clarified that "*Grable* emphasized that it takes more than a federal element 'to open the 'arising under' door,'" and few cases can be "squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (quoting *Grable*, 545 U.S. at 313). In this instance, the meaning of a federal law is not in dispute. *See Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) (noting that "a fact-specific application of rules that come from both

federal and state law rather than a context-free inquiry into the meaning of a federal law" does not constitute a substantial, disputed question of federal law within the meaning of *Grable* ).  Also, it is apparent to the Court that this is not the type of state-law case that will "rare[ly]" present a question of federal law and thus have "only a microscopic effect on the federal-state division of labor." *Grable*, 545 U.S. at 315.  In sum, this case does not present a substantial federal question for purposes of federal jurisdiction.  Because the Court discerns no basis for federal subject matter jurisdiction in this case, the case will be dismissed without prejudice to re-filing the case in an appropriate state forum.

To conclude, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this action is hereby **DISMISSED without prejudice** for want of federal subject matter jurisdiction. All pending motions in this case are **DENIED as moot**.  The Clerk of Court is directed to enter judgment in accordance with this Order and to close the file of this case on the Court's electronic docket.

**IT IS SO ORDERED.**

DATED:  February 10, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge